72 F.3d 136
 76 A.F.T.R.2d 95-7714, 96-1 USTC P 50,024
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John R. WALSH, Jr.; Marcy W. Walsh, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided Nov. 27, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John R. Walsh, Jr. and Marcy W. Walsh (collectively "Walsh") appeal from the order of the Tax Court granting summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") in Walsh's petition contesting the Commissioner's disallowance of certain losses allegedly suffered by Walsh while investing with First Western Government Securities, Inc. ("First Western"). Walsh also appeals from the Tax Court's order imposing sanctions pursuant to 26 U.S.C. Sec. 6673(a)(1).
 
 
 4
 Because Walsh failed to provide the necessary record to this court, we dismiss Walsh's appeal with respect to his claim that the Tax Court erred in granting summary judgment. We reverse the sanction imposed against Walsh because we conclude that the record does not demonstrate that he opposed the summary judgment motion primarily for the purpose of delay.
 
 I.
 
 5
 In 1985, Walsh filed a petition which contested the Commissioner's disallowance of losses that Walsh allegedly suffered from investments in a program offered by First Western. First Western was the subject of an earlier test case in which the Tax Court upheld the Commissioner's deficiency determinations against nine First Western investors after finding that the investors' transactions with First Western were shams. See Freytag v. Commissioner ("Freytag "), 89 T.C. 849 (1987), aff'd 904 F.2d 1011 (5th Cir.1990), aff'd on other issues 501 U.S. 868 (1991). Walsh's petition also contested the Commissioner's imposition of the additional interest set forth in 26 U.S.C. Sec. 6621(c).
 
 
 6
 At a pre-trial conference, Walsh stipulated that his transactions were conducted in the same manner as the Freytag transactions. Walsh did not participate in the Freytag litigation. Walsh further stipulated that the trial record of the Freytag case would serve as the evidence in this matter. Walsh then argued that the evidence presented in Freytag did not support a finding that the transactions were factual shams and expressed his desire to appeal the sham determination to the Ninth Circuit.
 
 
 7
 Immediately after these stipulations were entered, the Commissioner moved for summary judgment. Judge Powell indicated that he would grant the motion after the Commissioner submitted a written stipulation and a formal motion. Judge Powell then explained what Walsh could expect on appeal:
 
 
 8
 ... [Y]ou're quite right in pointing out there was a great deal of testimony that I heard in this regard that supported the transactions, but there was also a great deal of testimony by Respondent's experts that disputed that testimony. And that is inherent on the trier of fact. And the Courts of Appeals are going to view that under what is called the "clearly erroneous" standard.
 
 
 9
 Judge Powell also explained to Walsh that it would be necessary for him to arrange to have the Freytag record sent to the Ninth Circuit. Finally, Judge Powell warned Walsh that, if he persisted in this action, he might be sanctioned.
 
 
 10
 Subsequent to the hearing, the Tax Court granted the Commissioner's motion for summary judgment. The Tax Court also sanctioned Walsh pursuant to 26 U.S.C. Sec. 6673(a) based on its determination that Walsh had opposed the summary judgment motion for the purpose of delay.
 
 II.
 
 11
 A. Nature of the Proceedings in the Tax Court
 
 
 12
 Although the Commissioner's motion was termed a motion for summary judgment, both the parties and Judge Powell treated the motion as a request for a trial on the merits based on the evidence in the stipulated Freytag record. Walsh was hopeful that this circuit would disagree with the Fifth Circuit's assessment of the evidence in the Freytag case. Accordingly, had we been furnished with a proper record, our duty would have been to determine whether the Tax Court clearly erred in finding that the First Western transactions were shams. See Sochin v. Commissioner, 843 F.2d 351, 353 (9th Cir.) cert. denied, 488 U.S. 824 (1988) (tax court's finding of a sham is reviewed for clear error).
 
 
 13
 Walsh asserts on appeal that the evidence presented to the Tax Court in Freytag does not support its finding that the First Western transactions were shams. However, Walsh did not provide this court with the Freytag record. It is the duty of the appellant to take any action necessary to enable the Clerk of the Tax Court to assemble and transmit the record of the case to the Ninth Circuit. Fed.R.App.P. 11, 13. Further, the appellant must prepare excerpts of record and file these excerpts with the Ninth Circuit. Circuit Rule 30-1.1(a) and (b). The excerpts must contain all documents "necessary to the resolution of an issue on appeal." Circuit Rule 30-1.3(a)(xi).
 
 
 14
 In the present case, the stipulated Freytag record was not transmitted to us. Moreover, Walsh did not file excerpts of record containing those portions of the record which Walsh contends demonstrate that the Tax Court's finding of a "sham" is clearly erroneous. Without the record, we are unable to determine whether the Tax Court's finding of a sham was clearly erroneous. Accordingly, we dismiss Walsh's appeal with respect to that portion of the Tax Court's order granting the Commissioner's motion for summary judgment. See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (failure to provide an adequate record requires dismissing the appeal if the failure prevents the appellate court from reviewing contested issues).
 
 B. Sanctions
 
 15
 Tax courts are authorized to sanction taxpayers up to $25,000 if the taxpayer instituted or maintained a proceeding primarily for the purpose of delay. 26 U.S.C. 6673(a). A tax court's imposition of sanctions pursuant to section 6673 is reviewed for abuse of discretion. Wolf v. Commissioner, 4 F.3d 709, 716 (9th Cir.1993).
 
 
 16
 A party's purpose in maintaining an action should be judged objectively, not subjectively. See Newton v. Thompson, 22 F.3d 1455, 1463-64 (9th Cir.1994) (holding that an attorney cannot be sanctioned for filing a pleading that is well-grounded in fact and law no matter what the attorney's subjective intent may have been). In the present case, Walsh sought Ninth Circuit review of the Tax Court's findings in Freytag. Because Walsh is the first investor to seek review of Freytag in this circuit, we conclude that Walsh's attempt to obtain a different result from this circuit was not frivolous.
 
 III.
 
 17
 The appeal from the judgment of the Tax Court is DISMISSED. The order imposing a sanction on Walsh is REVERSED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3